## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

GLENN SEWINSKY,

                Plaintiff,

      v.

KOVATCH PARTNERS LLP,

                Defendant

CIVIL ACTION NO. 3:14-CV-00765

(MARIANI, J.)
(MEHALCHICK, M.J.)

## <u>MEMORANDUM OPINION</u>

      This is a *pro se* action alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112(a), and the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Stat. § 955(a), brought in this Court pursuant to 28 U.S.C. § 1331, § 1343, and § 1367. In his complaint, the Plaintiff asserts that the Defendant, his former employer, discriminated against him on the basis of a disability. (Doc. 1). Along with his complaint, the Plaintiff has submitted a motion for leave to proceed *in forma pauperis* in this action. (Doc. 2). For the reasons stated herein, the Plaintiff's motion for leave to proceed *in forma pauperis* will be granted and he will be directed to file an amended complaint within thirty days of the date of the accompanying order.

## I.   BACKGROUND

      On April 21, 2014, the Plaintiff initiated this action by filing a *pro se* complaint, together with his motion for leave to proceed *in forma pauperis*. Based on the Plaintiff's declaration regarding his income, expenses, assets and liabilities, the Plaintiff will be granted leave to proceed *in forma pauperis*.

      The Plaintiff's complaint is set forth on a pre-printed form obtained from the Court. In the section prompting him to state the facts of his case, the Plaintiff has simply referred to an attached charge of discrimination form (the "EEOC Charge") previously filed with the United

States Equal Employment Opportunity Commission and the Pennsylvania Human Rights Commission on June 27, 2013. Based on the contents of the Plaintiff's EEOC Charge, the Plaintiff alleges that his employer failed to accommodate certain medical restrictions, apparently documented but not described in the EEOC Charge. In particular, the Plaintiff alleges that he requested to be transferred from a position as a welder working from an elevated "table," where his alleged disability exposed him to an increased risk of falling, to a safer job. The Plaintiff alleges that a "bumper job" that did not involve that same risk became available, that he requested reassignment to that job, and that his manager refused his request, instead filling the bumper job with another candidate. The Plaintiff alleges that he was subsequently laid off, purportedly because "there were no positions available that I could be moved to" consistent with his disability.

On or shortly after January 28, 2014, the Plaintiff received a right-to-sue notice from the EEOC. He filed the instant complaint fewer than ninety days thereafter. The matter is now before the Court on the Plaintiff's motion for leave to proceed *in forma pauperis* and pursuant to its statutory obligation under 28 U.S.C. § 1915(e)(2) to consider dismissal of a case brought *in forma pauperis* if it fails to state a claim upon which relief can be granted.

## II.  SECTION 1915(E)(2) STANDARD

A plaintiff proceeding *in forma pauperis* is subject to 28 U.S.C. § 1915(e)(2), which provides that a court "shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). "The legal standard for dismissing a complaint for failure to state a claim under § 1915(e)(2) is the same as that for dismissing a complaint pursuant to Fed. R. Civ. P. 12(b)(6)." *Brodzki v. Tribune Co.*, 481 Fed. App'x 705, 706 (3d Cir. 2012) (per curiam).

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Although the Court must accept the allegations in the complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)).

## III. DISCUSSION

The Plaintiff's declaration clearly supports his motion for leave to proceed *in forma pauperis*, and, as a result, that motion will be granted. The Plaintiff's sparse complaint, however, fails to adequately allege sufficient facts to state a claim for relief under the ADA.

To adequately state a claim for discrimination under the ADA, a plaintiff must allege facts sufficient to plausibly establish that:

> (1) he is a disabled person within the meaning of the ADA; (2) he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) he has suffered an otherwise adverse employment decision as a result of discrimination.

*Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 306 (3d Cir. 1999).[1]

---

[1] The Court notes that the Plaintiff's federal claim under the ADA is coterminous with his state claim under the PHRA. *See Taylor*, 184 F.3d at 306 ("[A]nalysis of an ADA claim applies equally to a PHRA claim."). Accordingly, a separate discussion of the elements of a PHRA claim is unnecessary here.

An individual is considered "disabled" under the ADA if he has "a physical or mental impairment that substantially limits one or more of the major life activities of such individual." 42 U.S.C. § 12102(2); *see also* 29 C.F.R. § 1630.2(h) (defining "physical or mental impairment"); 29 C.F.R. § 1630.2(i) (defining "major life activities"); 29 C.F.R. § 1630.2(j) (defining "substantially limits"). A temporary or transient, nonpermanent condition cannot be a substantial impairment under the ADA. *See Sulima v. Tobyhanna Army Depot*, 602 F.3d 177, 185 (3d Cir. 2010); *Williams v. Philadelphia Hous. Auth. Police Dep't*, 380 F.3d 751, 765 (3d Cir. 2004).

Here, the Plaintiff's bare-bones complaint suggests the existence of a colorable claim, but it falls well short of alleging facts sufficient to plausibly establish the elements of an ADA claim identified above. The EEOC Charge referenced in the complaint contains only conclusory allegations that the Plaintiff suffers from a disability, without specifying any physical or mental impairment, any major life activity affected, nor how the Plaintiff's impairment substantially limits any major life activity. Moreover, the EEOC Charge fails to adequately describe the essential functions of the bumper job (or any other job) that the Plaintiff claims to be qualified to perform, with or without accommodation.

Accordingly, the Plaintiff will be directed to file an amended complaint. In his amended complaint, the plaintiff shall state as clearly as possible, in separately numbered paragraphs, facts to establish: (1) that he is a disabled person within the meaning of the ADA, as further explained above; (2) that he is otherwise qualified to perform the essential functions of the "bumper job" or any other position, with or without reasonable accommodations by his employer; and (3) that he has suffered an adverse employment decision as a result of discrimination. If the Plaintiff fails to file an amended complaint within the time specified, it will be recommended that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for

failure to state a claim upon which relief can be granted.

### IV. CONCLUSION

For the foregoing reasons, the Plaintiff's motion for leave to proceed *in forma pauperis*

will be **GRANTED**, and the Plaintiff will be **DIRECTED** to file an amended complaint.

An appropriate Order follows.

BY THE COURT:

Dated: April 29, 2014

*s/ Karoline Mehalchick*
_____
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**